UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 16-50104 |
| | ) | Chapter 7 |
| RODNEY RAY NELSON | ) | |
| SSN/ITIN xxx-xx-2226 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM DEAN SCHMIDT | ) | Adv. No. 16-5005 |
| and DEBORAH LYNN SCHMIDT | ) | |
| | ) | |
| Plaintiffs | ) | |
| -vs- | ) | DECISION RE: PLAINTIFFS' |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| RODNEY RAY NELSON | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Plaintiffs William Dean Schmidt and Deborah Lynn Schmidt's motion for summary judgment (doc. 15) on their complaint to determine the dischargeability of their claim against Debtor-Defendant Rodney Ray Nelson. This is a core proceeding under 28 U.S.C. § 157(b)(2). This decision and the accompanying order and judgment constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As discussed below, the Court will grant the Schmidts' motion.

I.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a). A dispute is *genuine* if the evidence is such that it could cause a reasonable trier of fact to find for either party. *Rademacher*

*v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011).  A fact is *material* if its resolution affects the outcome of the case.  *Gazal v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 647 F.3d 833, 838 (8th Cir. 2011) (cite therein).  In reviewing a motion for summary judgment, the Court considers the pleadings, the discovery and disclosure materials in the record, and any affidavits.  *Wood v. SatCom Marketing, LLC*, 705 F.3d 823, 828 (8th Cir. 2013).  The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  *Tolan v. Cotton*, ___ U.S. ___, 134 S.Ct. 1861, 1866 (2014).  The nonmovant receives the benefit of all reasonable inferences supported by the evidence.  *B.M. ex rel. Miller v. South Callaway R-II School Dist.*, 732 F.3d 882, 886 (8th Cir. 2013).

The movant bears the burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Gibson v. American Greetings Corp.*, 670 F.3d 844, 852-53 (8th Cir. 2012).  If the movant meets its burden, the nonmovant, to defeat the motion, must establish a genuine factual issue.  *Residential Funding Co. v. Terrace Mortg. Co.*, 725 F.3d 910, 915 (8th Cir. 2013).  The nonmovant may not rest on mere allegations or pleading denials, *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010), or "merely point to unsupported self-serving allegations."  *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoted in *Residential Funding*, 725 F.3d at 915).  Instead, the nonmovant, as to those elements of a claim on which it bears the burden of proof, must substantiate its allegations with admissible, probative evidence that would permit a finding in its

favor on more than speculation or conjecture. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (quoted in *Spaulding v. Conopco, Inc.,* 740 F.3d 1187, 1190-91 (8th Cir. 2014)); *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997) (citations therein).

II.

In their statement of undisputed material facts (doc. 15-1), the Schmidts proffer the following:[1]

> 1. On July 22, 2014, [the] Schmidts filed suit against Nelson in [state court, styled *William Schmidt and Deborah Schmidt v. Rodney Ray Nelson*, No. 40CIV14-238,] Fourth Judicial Circuit, Lawrence County, South Dakota[,] for assault, battery, and intentional infliction of emotional distress based on a physical altercation between Nelson and [the] Schmidts that occurred on October 6, 2013.
>
> 2. Nelson answered and counterclaimed against [the] Schmidts.
>
> 3. [The] Schmidts filed a timely denial of Nelson's counterclaim.
>
> 4. The [state court] held a hearing . . . to determine whether either party could proceed with their claims for punitive damages at the jury trial.
>
> 5. [The state court] entered [an order] granting [the] Schmidts' motion to proceed with their claim for punitive damages against Nelson and denying Nelson's motion to proceed with his claim for punitive damages against [the] Schmidts.
>
> 6. A . . . jury trial was conducted on March 22 and 23, 2016 . . . .
>
> 7. At the conclusion of evidence, [the state court] instructed the . . . jury on the following matters, in part:
>
>> a. Instruction No. 14: "Assault occurs when a person acts with the intent to cause a harmful or offensive physical contact against another, or the imminent apprehension of such contact, and puts

---

[1]The Court has omitted the Schmidts' citations to the record.

that person in imminent apprehension of the contact, but the harmful or offensive contact does not occur.  To establish assault, plaintiff must prove:  (1) The defendant intended to cause a harmful or offensive physical contact with the plaintiff, or an imminent apprehension of such contact; (2) The defendant's conduct caused the plaintiff to fear such contact would immediately occur; (3) The plaintiff did not consent to the intended contact."

b.  Instruction No. 15:  "Battery is the intentional harmful or offensive physical contact upon another person.  To establish battery, plaintiff must prove:  (1) The defendant intended to cause a harmful or offensive physical contact with the plaintiff, or an imminent apprehension of such contact; (2) Such contact actually occurred; and (3) The plaintiff did not consent to the contact."

c.  Instruction No. 16:  "Any necessary force may be used to protect from wrongful injury the person or property of one's self, or of a wife or husband."

d.  Instruction No. 27 (in part):  "In addition to any actual damages that you may award to the plaintiff, you may also, in your discretion, award punitive damages if you find that the plaintiff suffered injury to person or property as a result of the oppression, malice, intentional misconduct, or willful or wanton misconduct of the defendant.  The plaintiff has the burden of proof on the issue of punitive damages.  The purpose of awarding punitive damages is to set an example and to punish the defendant."

e.  Instruction No. 28:  "Oppression is conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

f.  Instruction No. 29:  "Malice is not simply the doing of an unlawful or injurious act; it implies that the act complained of was conceived in the spirit of mischief or of criminal indifference to civil obligations.  Malice may be inferred from the surrounding facts and circumstances.  Actual malice is a positive state of mind, evidenced by the positive desire and intention to injure another, actuated by hatred or ill will toward that person. Presumed, or legal, malice is malice which the law infers from imputes to certain acts.  Legal malice may be imputed to an act if

-4-

the person acts willfully or wantonly to the injury of the other in reckless disregard of the other's rights. Hatred or ill will is not always necessary."

g. Instruction No. 30: "Conduct is intentional when a person acts or fails to act for the purpose of causing injury or knowing that injury is substantially certain to occur. Knowledge or intent may be inferred from the person's conduct and the surrounding circumstances."

8. The jury rendered its verdict on March 23, 2016.

9. The jury found in favor of [the] Schmidts and against Nelson on [the] Schmidts' claims of assault and battery.

10. The jury found in favor of [the] Schmidts and against Nelson on Nelson's claims of assault and battery.

11. The jury awarded [the] Schmidts compensatory damages . . . of $100,000.00.

12. The jury also found in favor of [the] Schmidts on their claims for punitive damages and awarded [the] Schmidts' punitive damages . . . of $30,000.00.

13. On April 5, 2016, [the state court] entered Judgment in favor of [the] Schmidts and against Nelson [for] $130,000.00.

14. Notice of Entry of Judgment was filed and served on April 5, 2016.

15. On April 6, 2016, [the] Schmidts filed their Judgment Docketing Statement for the amount of the Judgment.

16. On April 6, 2016, [the] Schmidts filed their Application for Taxation of Costs and Disbursements.

17. On April 11, 2016, [the] Schmidts filed their Application for Reasonable Expenses Pursuant to SDCL § 15-6-37(c).

18. On April 22, 2016, without objection from Nelson, the [state court] Clerk of Courts . . . entered [the] Schmidts' costs and disbursements . . . of $1,921.43 as part of the Judgment.

19. Throughout the state-court proceedings, Nelson was represented by an attorney.

20. Nelson failed to pay the Judgment and failed to pay the costs and disbursements.

21. On April 21, 2016, Nelson filed a petition for bankruptcy with this Court pursuant to Chapter 7 of the Bankruptcy Code.

22. [The] Schmidts received notice of Nelson's bankruptcy petition on April 27, 2016.

The Schmidts' statement is supported by specific citations to the record, including the affidavit of Thomas E. Brady (doc. 16) and the various exhibits described therein and attached thereto (docs. 16-1 through 16-15, inclusive). Their statement complies with Bankr. D.S.D. R. 7056-1(a).

In his statement of disputed material facts (doc. 25), Nelson purports to object to two of the facts proffered by the Schmidts, to wit, nos. 18 and 20. However, with respect to no. 18, Nelson does not deny the state court clerk of court entered the Schmidts' costs and disbursements. He merely points out "[he] had filed for bankruptcy relief . . . prior to the . . . [state court] Clerk['s] entering costs and disbursements as part of the Judgment" and suggests "entering [the] costs and disbursements was a violation of the automatic stay." This may be true, but it is irrelevant to the issue presented in this adversary proceeding, because the Schmidts have not asked the Court to determine the amount of their claim.[2]

---

[2]The Court nevertheless notes the Schmidts' claim would necessarily include their claim for costs and disbursements in the state court proceeding. To the extent the state court clerk of court's entering the Schmidts' costs and disbursements was

With respect to no. 20, Nelson appears to deny he has failed to pay the state court judgment: He says "[t]here was no failure to pay the judgment[.]" However, he prefaces this statement by saying "[he] filed bankruptcy and is no longer liable on the debt," and he follows it up by saying "[the state court judgment] is not [a] just and due debt." That, of course, is for the Court to decide.

In any event, Nelson does not substantiate his allegations with admissible, probative evidence that would permit a finding in his favor on more than speculation or conjecture. *Celotex Corp.*, 477 U.S. at 322-23. Consequently, there is no genuine dispute as to any material fact, and a summary disposition of this matter is appropriate.

### III.

A chapter 7 discharge does not discharge a debt "for willful and malicious injury by the debtor to another entity[.]" 11 U.S.C. § 523(a)(6). Such a debt must be for both a willful injury and a malicious injury. *Blocker v. Patch* (*In re Patch*), 526 F.3d 1176, 1180 (8th Cir. 2008) (citations therein). A willful injury is one resulting from the commission of an intentional tort. *Geiger v. Kawaauhau* (*In re Geiger)*, 113 F.3d 848, 853 (8th Cir. 1997). A malicious injury is one resulting from "conduct targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain

---

a violation of the automatic stay, no reason appears why the Schmidts cannot renew their application for those costs and disbursements once the automatic stay is no longer in effect.

to cause . . . harm." *Sells v. Porter* (*In re Porter*), 539 F.3d 889, 894 (8th Cir. 2008) (citations therein) (internal quotation marks omitted).

The Schmidts argue Nelson is collaterally estopped from relitigating the issue of whether the debt he owes them is for a willful and malicious injury. The Court agrees.

> Collateral estoppel applies in bankruptcy court. If the same issue was actually litigated and determined by a final judgment, and was essential to that final judgment, it cannot be relitigated in bankruptcy court. An issue may be actually decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation.

*Roussel v. Clear Sky Properties, LLC,* 829 F.3d 1043, ___ (8th Cir. 2016) (internal citations and internal quotation marks omitted).

Nelson concedes the jury verdict satisfies the requirement of a willful injury under § 523(a)(6), but he argues "[w]hile intent is a required element [of both assault and battery], malice is not. The jury could [have found] Nelson liable for assault and battery without finding he acted with malice." This is not the precise issue framed by *Porter*, however.

To establish assault and battery, the Schmidts had to prove, *inter alia*, Nelson "intended to cause a harmful or offensive physical contact *with* [*the Schmidts*], or an imminent apprehension of such contact[.]" Jury Instruction nos. 14 and 15 (emphasis added). To demonstrate intent, the Schmidts had to prove Nelson "act[ed] . . . for the purpose of causing injury or knowing that injury [was] substantially certain to occur."

Jury Instruction no. 30. In finding for the Schmidts, therefore, the jury necessarily found Nelson's conduct was targeted at the Schmidts and was certain or almost certain to cause harm. Consequently, the jury verdict also satisfies the requirement of a malicious injury under § 523(a)(6). *Porter*, 539 F.3d at 894.

With respect to the jury's award of punitive damages, Nelson argues "[i]t is possible [the jury] found a basis for awarding punitive damages without finding malice if they found oppression, intentional misconduct, or willful and wanton misconduct." Much the same argument has been considered and rejected by the Eighth Circuit Court of Appeals:

> The jury reached the issue of punitive damages only after it first found that [Plaintiff] was entitled to damages on the underlying claims. Thus, before the jury awarded punitive damages . . . it first had to find that [Plaintiff] met his burden of proving liability for the underlying . . . claim. As we have already discussed, in finding in favor of [Plaintiff] on the [underlying] claim, the jury necessarily found that [Defendant] acted willfully and maliciously to injure [Plaintiff]. The actual and punitive damages are based on the same conduct. We need not look at the state's standard for awarding punitive damages because the jury already found that [Defendant's] conduct in the underlying . . . claim, for which the punitive damages were also awarded, was willful and malicious. We hold that where the compensatory and punitive damage awards are based on the same underlying conduct, and the judgment for compensatory damages is nondischargeable because it is based on willful and malicious injury to another, then the punitive damages award is likewise nondischargeable.

*Fischer v. Scarborough* (*In re Scarborough*), 171 F.3d 638, 644 (8th Cir. 1999) (internal citations omitted). Nelson does not suggest the jury did not award punitive

-9-

damages for the same conduct for which it awarded actual damages.  Consequently, the jury award of punitive damages is also nondischargeable under § 523(a)(6).

IV.

There is no genuine dispute as to any material fact, and the Schmidts are entitled to judgment as a matter of law.  The Court will therefore enter an order granting their motion for summary judgment and directing the entry of a judgment declaring their claim against Nelson arising from their state court judgment against him is excepted from discharge under 11 U.S.C. § 523(a)(6).

Dated:  October 3, 2016.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

-10-